UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MICHELLE KIRTON
                    Plaintiff,

v.

U.S. DEPARTMENT OF JUSTICE
FEDERAL BUREAU OF PRISIONS
LT. STEVEN BARRERE
"JOHN DOE" DEFENDANTS 1-10

                    Defendant(s)

DOCKET NO. 16-cv6539

COMPLAINT AND
JURY TRIAL DEMAND

Plaintiff MICHELLE KIRTON as and for her complaint, by her undersigned counsel, alleges as follows:

## INTRODUCTION

11.        This is a suit to obtain relief for events that occurred in the Federal Bureau of Prisons on or about March of 2013. The Plaintiff seeks to recover damages for violations of Title VII of Civil Rights Act of 1964 and Title VII, Civil Rights Act of 1866, as amended, 42 U.S.C. §1981 et seq., U.S.C. 1983 of the United States Constitution and violation of the New York State Executive Law (Human Rights Law) §296.

## PARTIES

1.    The plaintiff, MICHELLE KIRTON (hereinafter "Kirton" or "Plaintiff"), an African-American female, is a resident of the State of New York, County of Nassau.

2.    The Defendants are the U.S. Department of Justice, Federal Bureau of Prisons, Lt. Steven Barrere and "John Doe" Defendants 1-10 (hereinafter "Defendants") within the meaning of the

1

3.   Upon information and belief, U.S. Department of Justice, Federal Bureau of Prisons are United States municipalities, and are engaged in business in the United States, with an office and place of business in Kings County, New York.

4.   Upon information and belief Lt. Steven Barrere at all times alleged was employed by the Federal Bureau of Prisons as Lieutenant.

5.   At all times, relevant to this action, the United States Department of Justice and Federal Bureau of Prisons was an "employer" for purposes of Title VII, 42 U.S.C. §2000(e) et seq., and the afore mentioned statutes, and, upon information and belief, employees in excess of 250 people.

## FACTUAL ALLEGATIONS

6.   The Plaintiff is an African American female who is 44 years old and has worked at the Federal Bureau of Prisons for 15 years. The Plaintiff worked as a Senior Officer Specialist for nine years at the Metropolitan Detention Center in Brooklyn, NY.

7.   Plaintiff alleges that she was discriminated against on or about December 9, 2013 and was not selected for the position of Case Manager.

8.   On or about December 22, 2014, Plaintiff alleges that she was discriminated against and not selected for the position of Correctional Officer, vacancy announcement number BRO-2015-0002.

9. On or about January 26, 2015, Plaintiff alleges that she was discriminated against and not selected for the position of Case Manager, vacancy announcement number NYM-2015-0006.

10. On or about June 11, 2015, Plaintiff alleges that she was discriminated against and not selected for the position of Correctional Officer, vacancy announcement number BRO-2015-0031.

11. On or about July 9, 2015, Plaintiff alleges that she was discriminated against and not selected for the position of Case Manager, vacancy announcement number NYM-2015-0017.

12. On or about August 18, 2015, Plaintiff alleges that she was discriminated against and not selected for the position of Case Manager, vacancy announcement number BRO-2015-0041.

13. Plaintiff alleges a sequence of discriminatory and or retaliatory acts were a result of Defendants becoming aware of her prior EEO Complaint against the agency which occurred in 2014.

14. Plaintiff alleges that a candidate who was selected for the Case Manager position had been selected because of more experience and was a better fit for the position. Plaintiff alleges that this was not the real reason why she was not selected for the position.

15.    Plaintiff has a Master's Degree and 15+ years of specialized experience in Rehabilitation Counseling and/or Case Management and alleges that candidates with less experience, training and education were selected for the position.

16. On or about July 16, 2014, Plaintiff had a conference with Warden Kimberly Ask- Carlson who had indicated to the Plaintiff the reason why the administrative staff was not selecting the Plaintiff for the position. The Plaintiff was informed by Warden Ask-Carlson that the Warden learned through a third party that the Plaintiff was "caught in the drama" and had a "couple of open cases".

17.  On or about October 8, 2014 Plaintiff alleges she was referred for investigation for Failure to Follow Supervisor's Instructions by Defendant Lt. Steven Barrere who initiated the investigation for alleging that the Plaintiff refused to work a mandation.

18.    Plaintiff alleges by being placed under official investigation, it had hindered Plaintiff from being promoted or having upward mobility.

19.    Plaintiff alleges that her prior EEO cctivity was a factor in the Plaintiff being referred to Failure to follow Supervisor's Instructions because of her alleged refusal to work a mandation.

20.  Plaintiff alleges that the Defendant, Lt. Barrere had knowledge of her prior EEO complaint and that Lt. Barrere had filed a false claim of staff misconduct because the Plaintiff filed an unlawful discrimination claim against him and other Management Officials

4

21. Plaintiff alleges that Defendant, Lt. Barrere had played a vital role in her former EEO Complaint.

22. Plaintiff alleges that the allegation of Failure to Follow Supervisor's Instruction was an act of reprisal due to Plaintiff's prior EEO complaints.

23. Plaintiff has suffered significant amount of emotional, mental, physical and psychological stress and has sought professional counseling.

## AS AND FOR A FIRST CAUSE OF ACTION

12.    Plaintiff adopts and incorporates each allegation designated above in support of this Count.

13.    In light of the foregoing, the defendants subjected plaintiff to a discriminatory hostile work environment on account of her race, being black, in violation of the Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. Section 2000e et seq.

## AS AND FOR A SECOND CAUSE OF ACTION

14.    Plaintiff repeats and re-alleges each allegation set forth above in support of this count.

15.    The defendants retaliated against plaintiff because she complained about the racially discriminatory treatment she was subjected to, in violation of the Title VII of the Civil Rights

5

Act of 1964, as amended 42 U.S.C. Section 2000e et seq.

## AS AND FOR A THIRD CAUSE OF ACTION

16.     Plaintiff repeats and re-alleges each allegation set forth above in support of this count.

17.     The defendants retaliated against plaintiff because she complained about the racially discriminatory treatment she was subjected to, in violation of the Civil Rights Act of 1866, as amended 42 U.S.C. Section 1981 and 1983.

## AS AND FOR A FOURTH CAUSE OF ACTION

18.     Plaintiff adopts and incorporates each allegation set forth above in support of this count.

19.     In light of the foregoing therefore, the defendants subjected plaintiff to a discriminatory hostile work environment on account of her race, being black, in violation of the Civil Rights Act of 1866, an amended 42 U.S.C. Section 1981 and 1983.

## AS AND FOR A FIFTH CAUSE OF ACTION

20.     Plaintiff adopts and incorporates each allegation set forth above in support of this count.

21.     In light of the foregoing therefore, the defendants' subjected plaintiff to a discriminatory hostile work environment on account of her race, being black, in violation of the New York State Executive Law (Human Rights Law) §296.

**WHEREFORE,** plaintiff, MICHELLE KIRTON demands judgment against the defendants,

jointly and severally, in an amount of damages which exceeds the monetary jurisdictional limits of any and all lower courts which would otherwise have jurisdiction, in an amount to be determined upon trial of this action.

## PRAYER FOR RELIEF AND JURY DEMAND

**WHEREFORE**, Plaintiff, MICHELLE KIRTON, demands judgment as follows:

a) against all defendants, jointly and severally, declaring the acts and practices complained of herein are in violation of Title VII of the Civil Rights Act of the United States Constitution

b) Directing defendants to pay plaintiff an additional amount as compensatory damages for his pain and suffering;

c) Directing defendants to pay plaintiff an additional amount as punitive damages for their willful and/or reckless disregard for plaintiff's statutory rights;

d) Awarding plaintiff such interest a is allowed by law;

e) Awarding plaintiff reasonable attorneys' fees and costs;

f) Trial by Jury; and

g) Granting such and further relief as this Court deems necessary and proper.

h) Awarding plaintiff such damages as may be proved at trial, including compensatory

i) damages and punitive damages as well as costs and disbursements of this action.

Dated:      Harrison, New York      Respectfully submitted,
November 18, 2016

_____
CHRISTINA T. HALL, ESQ.
Law Office of Christina T. Hall and Associates
Attorney for Plaintiff
550 Mamaroneck Avenue, Ste. 502
Harrison NY 10528
914-341-1738- phone
914-341-1739-fax

TO: United States Department of Justice
Federal Bureau of Prisons
Lt. Steven Barrere
John Doe- Defendants 1-10

## ATTORNEY'S VERIFICATION

Christina T. Hall, an attorney duly admitted to practice before the Courts of the State of New York, hereby affirms the following to be true under the penalties of perjury pursuant to CPLR 2106 and 22 N.Y.C.R.R. 130.1-1:

I am the attorney for the Plaintiff herein. I have read the foregoing statements and known the contents thereof. The same is true to my knowledge except as to those matters stated to be upon information and belief, and as those matters, I believe them to be true. The grounds of my belief as to those matters not stated upon my knowledge are statements and/or records provided by Plaintiff, his agents and employees, and the information contained in my office file. This verification is made pursuant to RPAPL 741 and CPLR 3020 and 22 N.Y.C.R.R. 130.1-1 because plaintiff/plaintiff's agent was not available to verify the statements and the Plaintiff resides outside the county where the undersigned's office is located.

Dated: Harrison, New York
      November 18, 2016

Christina T. Hall, Esq.
Law Office of Christina T. Hall
& Associates, PLLC
550 Mamaroneck Avenue
Suite 502
Harrison, New York 10528
(914) 341-1738 (office)
(914) 341-1739 (fax)

===============Notice of Entry=================
PLEASE take notice that the within is a (certified) true
copy of a _____
duly entered in the office of the clerk of the within
named court on
Dated:

Yours, etc.

Attorney for:

Christina T. Hall, Esq.,
Law Office of Christina T. Hall & Associates, PLLC
550 Mamaroneck Avenue, Suite 502
Harrison, New York 10528

To:
Attorney(s) for:

===============Notice of Settlement============
PLEASE take notice that an order

of which the within is a true copy will be presented for
settlement to the Hon.

one of the judges of the within named Court, a

on

at

Dated:

Yours etc.

To:
Attorney(s) for:
Civil Court Index No.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT

---

MICHELLE KIRTON

Plaintiff(s)

-against

UNITED STATES DEPARTMENT OF JUSTICE
FEDERAL BUREAU OF PRISIONS
LT. STEVEN BARRERE
"JOHN DOE" DEFENDANTS 1-10

Defendant(s).

**COMPLAINT AND
JURY TRIAL DEMAND**

Signature: _____

Christina T. Hall, Esq.

Law Office of Christina T. Hall & Associates
550 Mamaroneck Avenue
Suite 502
Harrison, New York 10528

To:
UNITED STATES DEPARTMENT OF JUSTICE
FEDERAL BUREAU OF PRISIONS
LT. STEVEN BARRERE
"JOHN DOE" DEFENDANTS 1-10