UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
MICHELLE KIRTON,                                            :
                                                            :
                              Plaintiff,                    :
                                                            :
               -against-                                    :     **MEMORANDUM AND ORDER**
                                                            :     16-CV-6539 (DLI)(RLM)
U.S. DEPARTMENT OF JUSTICE, FEDERAL                         :
BUREAU OF PRISONS, LT. STEVEN                               :
BARRERE, and "JOHN DOE" DEFENDANTS                          :
1-10,                                                       :
                                                            :
                              Defendants.                   :
------------------------------------------------------------ x

**DORA L. IRIZARRY, Chief United States District Judge:**

Plaintiff Michelle Kirton ("Plaintiff") is an African American woman and a resident of the State of New York, County of Nassau. *See* Compl. at 1,[1] Dkt. Entry No. 1. Plaintiff worked as a Senior Officer Specialist for nine years at the Metropolitan Detention Center in Brooklyn, New York. *Id*. at 2. Defendants are the U.S. Department of Justice, Federal Bureau of Prisons, Lt. Steven Barrere ("Barrere"), and "John Doe" Defendants 1-10[2] (collectively, "Defendants"). *Id.* at 1. On November 18, 2016, Plaintiff filed the instant action against Defendants, claiming violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. ("Title VII"), the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981 ("Section 1981"), 42 U.S.C. § 1983 ("Section 1983"), and the New York State Executive Law (Human Rights Law) ("NYSHRL") § 296. Plaintiff seeks compensatory and punitive damages, attorneys' fees, costs, and such other and further relief as this Court deems necessary and proper. Compl. at 7.

---

[1] The paragraph numbers in the Complaint bear little relationship to the order of the paragraphs. Accordingly, the Court will refer to the page numbers only.
[2] The identities of the John Doe defendants are not described in the Complaint.

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendants moved to dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted. *See generally* Defs.' Mem. in Supp. of Mot. to Dismiss ("Defs.' Mem."), Dkt. Entry No. 12. Plaintiff opposes. *See* Pl.'s Resp. in Opp'n to Mot. to Dismiss ("Pl.'s Opp'n"), Dkt. Entry No. 13. Defendants elected to not file a reply. *See* Defs.' Letter, Dkt. Entry No. 14.

## BACKGROUND[3]

Plaintiff is a forty-four year old African American woman. Compl. at 2. Between December 2013 and August 2015, she was employed as a Senior Officer Specialist at the Metropolitan Detention Center ("MDC") in Brooklyn, New York, which is part of the Federal Bureau of Prisons ("BOP"). *Id.* The Complaint states that Plaintiff "has worked at the Federal Bureau of Prisons for 15 years," but does not specify when Plaintiff's employment with either the BOP or at MDC commenced or whether she continues to be employed at MDC or with the BOP. *Id.*

Plaintiff claims she "has a Master's Degree and 15+ years of specialized experience in rehabilitation counseling and/or Case Management." Compl. at 4. Plaintiff alleges that she was discriminated against when she was not selected for the position of Case Manager on December 9, 2013. *Id.* She contends that she was discriminated against further on December 22, 2014 and June 11, 2015, when she was not selected for the position of Correctional Officer. *Id.* at 2-3. She also alleges that she was discriminated against on January 26, 2015, June 11, 2015, July 9, 2015, and August 18, 2015, when she was not selected for the position of Case Manager. *Id.* at 3. She asserts that candidates with "less experience, training and education" were selected for the positions she sought. *Id.* at 4. Plaintiff claims emotional, mental, physical, and psychological

---

[3] The following facts, which are taken from the Complaint, are presumed to be true at this stage of the proceeding. *DeJesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 87 (2d Cir. 2013) (internal citations omitted).

stress as a result of this alleged discrimination, and that she has sought professional counseling. *Id.* at 5.

On July 16, 2014, Plaintiff met with Warden Kimberly Ask-Carlson ("Ask-Carlson"), to discuss why Plaintiff was not selected for positions she sought. Compl. at 4. At this meeting, Plaintiff learned that a third party told Ask-Carlson that Plaintiff "was 'caught in the drama' and 'had a couple of open cases.'" *Id.* On October 8, 2014, Plaintiff was referred by Lt. Steven Barrere for an official investigation regarding her failure to follow a supervisor's instructions, specifically by refusing to work a "mandation." *Id.* According to Plaintiff, Barrere knew that Plaintiff previously had filed an Equal Employment Opportunity ("EEO") complaint in which she alleged unlawful discrimination by Barrere and other "Management Officials." *Id.* Plaintiff contends that the EEO complaint "was a factor" in Barrere's initiating the investigation of Plaintiff, and that Barrere's claim of staff misconduct by Plaintiff was false. *Id.* She alleges a "sequence of discriminatory and or [*sic*] retaliatory acts" relating to her EEO complaint, and states that being placed under official investigation hindered her chances of promotion. *Id.*

On October 30, 2017, Defendants moved to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendants argue that Title VII is the exclusive remedy for Plaintiff's claims, and that any claim brought pursuant to Title VII must be dismissed because Plaintiff has failed to name the applicable agency head, who would be the proper party. *See* Defs.' Mem. at 1. Plaintiff's opposition does not address Defendants' argument directly, but states that the named defendants are proper because they were "directly involved in the discrimination." *See* Pl.'s Opp'n at 4. Defendants did not file a reply. *See* Defs.' Letter.

3

## **STANDARD OF REVIEW**

Under Rule 12(b)(6), a defendant may move for dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In resolving a motion to dismiss, the court accepts as true all well pled factual allegations and draws all reasonable inferences in the plaintiff's favor. *See Dangler v. N.Y.C. Off Track Betting Corp.*, 193 F.3d 130, 138 (2d Cir. 1999). However, courts need not accept "legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). For this reason, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to insulate a claim against dismissal. *Id.*

Rule 8(a) of the Federal Rules of Civil Procedure requires that pleadings contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Pleadings are to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Boykin v. KeyCorp*, 521 F.3d 202, 219 (2d Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (internal quotation marks omitted). To satisfy Rule 8, a plaintiff need not plead "detailed factual allegations," but the complaint must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Where a complaint pleads facts that are "merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

**DISCUSSION**

Plaintiff alleges race based employment discrimination and retaliation by her employer, the BOP. The BOP is a subdivision of the United States Department of Justice, making Plaintiff an employee of the federal government. Plaintiff brings her claims pursuant to Section 1981, Section 1983, NYSHRL § 296, and Title VII.

Section 1981 and NYSHRL § 296 outlaw employment discrimination on the basis of race. *See Patterson v. County of Oneida*, 375 F.3d 206, 224 (2d Cir. 2004); NYSHRL § 296. Section 1983 provides, *inter alia*, a cause of action for the violation, under color of state law, of rights provided for by United States statute. 42 U.S.C. § 1983; *Patterson*, 375 F.3d at 225. "Section 1983 is not itself a source of substantive rights. It merely provides a method for vindicating federal rights elsewhere conferred, such as those conferred by § 1981." *Patterson*, 375 F.3d at 225 (internal citations omitted). Title VII prohibits employers from "discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1).

**I.      Applicability of Section 1981, Section 1983, and New York State Law**

Although Section 1981 and NYSHRL § 296 prohibit employment discrimination on the basis of race, a federal employee's claim of employment discrimination may be brought only pursuant to Title VII. "Title VII provides the sole remedy for federal employees alleging employment discrimination." *Rivera v. Heyman*, 157 F.3d 101, 105 (2d Cir. 1998) (citing *Brown v. General Servs. Admin.*, 425 U.S. 820, 835 (1976)); *see also Ferguson v. New York City Transit Auth.*, 206 F. Supp.2d 374, 376 (E.D.N.Y. 2002) (dismissing state and city law claims for racial discrimination because to permit them would undermine the exclusivity of Title VII).

Accordingly, Plaintiff's claims under Section 1981, Section 1983, and NYSHRL § 296 are dismissed with prejudice.

## II. Title VII Claims

"[T]he proper defendant in Title VII actions against a federal agency is that agency's head." *DiPetto v. Potter*, No. 08-cv-4927 (JS)(ARL), 2011 WL 4356163, at *3 (E.D.N.Y. Sept. 14, 2011) (citing 42 U.S.C. § 2000e–16); *see Tomka v. Seiler Corp.*, 66 F.3d 1295, 1314 (2d Cir. 1995) (dismissing individually named defendants in Title VII case), *abrogated on other grounds by Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998). As a subdivision of the United States Department of Justice, the BOP's agency head is the Attorney General of the United States, currently Jefferson B. Sessions. Plaintiff's Complaint fails to name Attorney General Sessions as a defendant, while incorrectly naming the U.S. Department of Justice, the Federal Bureau of Prisons, Lt. Steven Barrere and "John Doe" Defendants 1-10. Because Plaintiff's Title VII claims are pled against the wrong party, those claims also are dismissed.

## III. Leave to Amend

Plaintiff, in her opposition, informally requests leave to amend the Complaint in the event that the Court grants Defendants' motion to dismiss. *See* Pl.'s Opp'n at 5. The Court notes that by not filing a reply, Defendants have taken no position on the request to amend.

As an initial matter, Plaintiff's request is deficient procedurally, as Plaintiff has failed to make a proper motion to amend the Complaint. *See In re Tamoxifen Citrate Antitrust Litig.*, 466 F.3d 187, 220 (2d Cir. 2006) ("It is within the court's discretion to deny leave to amend implicitly by not addressing the request when leave is requested informally in a brief filed in opposition to a motion to dismiss."). Moreover, a plaintiff need not be given leave to amend a pleading if she fails to specify to the district court how amendment would cure the pleading deficiencies in her

complaint. *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014). Indeed, when a plaintiff seeks leave to amend, she must submit a complete copy of the proposed amended complaint. *See Rosendale v. Iuliano*, 67 F. App'x 10, 14 (2d Cir. 2003) ("Without a proposed pleading, the district court could not determine whether [the plaintiff's] claim could survive a motion to dismiss, whether it was futile, or whether it was frivolous.") (internal citation omitted); *State Trading Corp. of India, Ltd. v. Assuranceforeningen Skuld*, 921 F.2d 409, 418 (2d Cir. 1990) (failing to submit a proposed amended pleading "indicates lack of diligence and good faith") (internal citation omitted); *Akran v. United States*, 997 F. Supp.2d 197, 207 (E.D.N.Y. 2014) ("It is well-settled that when seeking leave to amend, the movant must submit a complete copy of the proposed amended complaint so that both the Court and the opposing party can understand the exact changes sought."). In the instant case, Plaintiff has neither submitted a proposed amended complaint nor has she described otherwise the amendment she proposes. The Court could deny Plaintiff's request on this ground.

The Court is mindful that Federal Rule of Civil Procedure 15(a)(2) provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Nonetheless, "the district court has discretion whether or not to grant leave to amend, and its discretion is not subject to review on appeal except for abuse of discretion." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (internal citations and quotation marks omitted). In addition, leave to amend a pleading may be denied properly if amendment would be futile. *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012). Futility is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies in the complaint or to state a claim under Rule 12(b)(6). *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012).

7

As to Plaintiff's claims under Section 1981, Section 1983, and New York State Law, there is no amendment to the Complaint that would permit Plaintiff to bring her employment discrimination claims under a statute other than Title VII. Accordingly, leave to amend the Complaint is denied as to those claims.

As to Plaintiff's Title VII claims, the Court notes that the Complaint contains numerous deficiencies, and the Court is unable to determine whether amendment would cure those deficiencies in the absence of a proposed amended complaint. Indeed, the Court has significant concerns that the lack of factual matter in the Complaint suggests that Plaintiff cannot state a claim upon which relief can be granted, even if Plaintiff names the proper party as the defendant. Accordingly, leave to amend as to Plaintiff's Title VII claim is denied at this time. However, Plaintiff is granted leave to file a proper motion to amend that must include a proposed amended complaint by NO LATER THAN OCTOBER 26, 2018.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Section 1981, Section 1983, and New York State Law claims are dismissed, with prejudice, for failure to state a claim. Plaintiff's Title VII claim also is dismissed for failure to state a claim, and Plaintiff is granted leave to move to amend the Complaint by NO LATER THAN OCTOBER 26, 2018. Failure to make such a motion timely will result in dismissal of this action with prejudice. The Clerk of Court is directed to stay closure of this case pending compliance with this Court's Order by October 26, 2018.

SO ORDERED.

Dated: Brooklyn, New York
      September 27, 2018

/s/
DORA L. IRIZARRY
Chief Judge